Local Ch13 Plan Form                                                                                                                                     12/17

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

Fill in this information to identify your case:

Debtor 1*:  **Charles** (First Name)   **Harding** (Middle Name)   **Byrd** (Last Name)

Social Security Number: **xxx-xx-3654**
(Enter last 4 digits)

Debtor 2*:  First Name   Middle Name   Last Name

Social Security Number:
(Enter last 4 digits)

Case Number
(If known)

**CHAPTER 13 PLAN**

*For purposes of this Chapter 13 Plan, "Debtor" means "Debtors" where applicable.

- ■ Original Plan
- ☐ **Amended** Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
- ☐ **Modified** Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

Is this an Amended Plan? ☐ Yes ■ No

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors by the Debtor and a certificate of service shall be filed with the Clerk.

If the Debtor intends to determine the secured status of a claim pursuant to 11 U.S.C. § 506, or if the Debtor intends to avoid the fixing of a lien that impairs the Debtor's exemption pursuant to 11 U.S.C. § 522(f), then the Debtor must do two things: (1) indicate the Debtor's intention in this Chapter 13 Plan in the space below; and (2) file a separate motion pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) following the Contested Matter Procedure. If a separate motion is not filed then the Debtor will not be entitled to relief pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f).

The Debtor must check the appropriate box (Included or Not Included) in the chart below. If an item is checked as "Not Included," or if both boxes are checked, the provision will be ineffective if later set out in this Chapter 13 Plan.

| | | |
|---|---|---|
| The valuation of a secured claim pursuant to 11 U.S.C. § 506, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not Included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f), set out in Section 3.4. | ■ Included | ☐ Not Included |

**To Creditors:** Your rights may be affected by this Chapter 13 Plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated. You should read this Chapter 13 Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this Chapter 13 Plan, you or your attorney must file an objection to confirmation **no later than 14 days before the first date set for confirmation of the Chapter 13 Plan**, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this Chapter 13 Plan without further notice if no objection to confirmation is filed. *See* Fed.R.Bankr.P. 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

Debtor: **Charles Harding Byrd** _____ Case Number: _____

> This Chapter 13 Plan does not allow claims. The fact that your claim is classified in this Chapter 13 Plan does not mean that you will receive payment. Creditors must file a proof of claim.

To All Parties: The Chapter 13 Plan contains no nonstandard provisions other than those set out in Section VII. The Debtor must check one box in the chart below indicating whether any nonstandard provision is Included or Not Included in Section VII of this Chapter 13 Plan.

| Nonstandard provisions, set out in Section VII. | ☐ Included | ■ Not Included |
|---|---|---|

## II. PLAN PAYMENTS AND LENGTH OF PLAN

**2.1 Debtor will make regular payments to the Chapter 13 Standing Trustee as follows**:

| $ **3,074.98** | per **Month** | for **60** | months. |
|---|---|---|---|

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this Chapter 13 Plan

**2.2 Regular payments to the Chapter 13 Standing Trustee will be made from future income in the following manner:**

*Check all that apply*.
☐ The Debtor will make payments pursuant to a payroll deduction order.
■ The Debtor will make payments directly to the Chapter 13 Standing Trustee at the following address (include SSN and case number on payment):
      Roberta Napolitano, Chapter 13 Standing Trustee
      PO Box 610
      Memphis, TN 38101-0610

**2.3 Income tax refunds.**
*Check one*.
■ The Debtor will retain any income tax refunds received during the plan term. Note the Chapter 13 Standing Trustee may reduce the Debtor's deduction for payment of taxes in calculating disposable income if this option is selected.
☐ The Debtor will supply the Chapter 13 Standing Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return and will turn over to the Chapter 13 Standing Trustee all income tax refunds received during the Chapter 13 Plan term.
☐ The Debtor will treat income tax refunds as follows:
_____

**2.4 Additional Payments.**
*Check one*.
■ **None.** *If "None" is checked, the rest of Section 2.4 need not be completed or reproduced*.

**2.5 The total amount of estimated payments to the Chapter 13 Standing Trustee provided for in Sections 2.1 and 2.4 (if known) is**

   $ **184,498.80**

## III. TREATMENT OF SECURED CLAIMS

**3.1 SECURED CLAIMS:**

☐ **None.** *If "None" is checked, the rest of this section need not be completed or reproduced*.
■ There are secured claims
■ The Debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Chapter 13 Standing Trustee or directly by the Debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the Chapter 13 Standing Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing

Debtor: **Charles Harding Byrd** _____ Case Number: _____

deadline under Fed.R.Bankr.P. 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary, timely filed proof of claim, the amounts stated below are controlling. If relief form the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph by the Chapter 13 Standing Trustee as to that collateral will cease, and all secured clams based on that collateral will no longer be treated by this Chapter 13 Plan.

Retain liens pursuant to 11 U.S.C. §1325 (a)(5): Mortgage(s)/Lien on Real or Personal Property:

---

**1.** Creditor: __**Nutmeg Financial Holdings, LLC**__
Address:
**87 Church St**
**Naugatuck, CT 06770**
Last 4 digits of
Account No.: __**xxxxxx1391**__

Arrearage/ Payoff on Petition Date __**134,694.40**__  / /
Arrears Payment (Cure) by Chapter 13 Standing
Trustee __**$2,282.96**__ /month
Regular Payment (Maintain) by Debtor __**$2,249.91**__ /month
Total Payment (Cure + Maintain) __**$4,532.87**__ /month
Payoff (Including Monthly Interest) __$__ /month

Check one below for Real Property:
■ Escrow is included in the regular payments
☐ The Debtor will pay   ☐ taxes   ☐ insurance directly

Real Property
■ Principal Residence
☐ Non-Principal Residence
Address of Collateral:
**78 Hull Street Ansonia, CT 06401  New Haven County**
**PRINCIPAL**

Personal Property/Vehicle
☐ Description of Collateral (include VIN# for any vehicle): _____

---

### 3.2 VALUATION OF COLLATERAL:          ☐ None.

■ The Debtor(s) intends to seek an order of the Bankruptcy Court valuing a claim pursuant to 11 U.S.C. § 506.

Secured Claims that are Subject to a Separate Motion or Adversary Proceeding Based on Valuation. This Chapter 13 Plan does not value claims. To value a claim pursuant 11 U.S.C. § 506, the Debtor must file and serve a separate motion pursuant to Fed. R. Bankr. P. 3012, 7004, 9014(b), or, as applicable, file an adversary proceeding under Fed. R. Bankr. P. 7001. The information provided below is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of any motion or adversary proceeding on valuation. The amount of the creditor's claim in excess of the Debtor's valuation for the collateral shall be treated with other general unsecured claims and paid pro rata provided that the creditor timely files a proof of claim.

The Debtor intends to file a motion requesting that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor states that the value of the secured claim should be as set out below. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below, upon an order of the court on the Debtor's Motion.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section V of this Chapter 13 Plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section V of this Chapter 13 Plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.The holder of any claim listed below will retain the lien on the property interest of the Debtor or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

Debtor: **Charles Harding Byrd** _____ Case Number: _____

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate.

**1. REAL PROPERTY:** ☐ NONE

| 1. Creditor: **Water Pollution Control Auth.** <br> Address: **253 Main Street** <br> **Ansonia, CT 06401** <br> Last 4 digits of Account No.: **xxxx7160** <br><br> Real Property <br> ■ Principal Residence <br> ☐ Non-Principal Residence <br> Address of Collateral: <br> **78 Hull Street Ansonia, CT 06401 New Haven County** <br> **PRINCIPAL** | Value of Collateral: **290,000.00** <br> Value of Creditor's Lien: **8,792.10** <br><br> Interest Rate: **18.00** <br><br> Check below if applicable: <br> ■ Escrow is included in the monthly mortgage payment listed in this section <br> ☐ The Debtor will pay: <br> ☐ taxes directly  ☐ insurance directly | **Payment** <br> Total to be paid in <br> this Chapter 13 Plan: **$13,395.60** <br><br> **$223.26** Months **1** to **60** |

**2. VEHICLES(S):** ■ NONE

**3. PERSONAL PROPERTY:** ■ NONE

**3.3 LIEN AVOIDANCE:** ☐ NONE

■ The Debtor is seeking to avoid liens pursuant to 11 U.S.C. § 522(f). Judicial liens or nonpossessory, nonpurchase money security interests securing the claims may be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522(f) as listed below. A separate motion must be filed and served pursuant to Fed.R.Bankr.P. 7004 and To avoid liens pursuant to 11 U.S.C. § 522(f), the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed.R.Bankr.P. 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The information provided below is for information purposes only, and the information provided is subject to change, without the need to modify this Chapter 13 Plan, based on the resolution of the Debtor's motion to avoid lien. The monthly payment amount and the duration of payments is subject to the Standing Chapter 13 Trustee's discretion. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid pro rata provided that the creditor timely files a proof of claim. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section V to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under this Chapter 13 Plan. See, 11 U.S.C. § 522(f) and Fed.R.Bankr.P. 4003(d). The Debtor discloses the intention to avoid liens held by the following creditors.

| 1. Creditor: **Nutmeg Financial Holdings, LLC** <br> Address: **87 Church St** <br> **Naugatuck, CT 06770** <br><br> Last 4 digits of Account No.: **xxxxxxxxx1896** | Collateral: **78 Hull Street Ansonia, CT 06401 New Haven County** <br> **PRINCIPAL** <br><br> Basis for Exemption: **None** <br> Amount of Claimed Exemption: **$0.00** |

**3.4 SURRENDER OF COLLATERAL:** ■ NONE

**3.5 DIRECT PAYMENT:** ■ NONE

**IV.    TREATMENT OF FEES AND PRIORITY CLAIMS**

**4.1 GENERAL**

Debtor:  **Charles Harding Byrd** _____  Case Number: _____

The Chapter 13 Standing Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.5, will be paid in full without postpetition interest. If the court determines the Debtor is solvent or is to be treated as solvent under this Chapter 13 Plan, the court may order postpetition interest be paid on claims.

If this Chapter 13 Plan proposes to pay postpetition interest on priority claims because the Debtor is being treated as if he or she were solvent, then interest shall be paid, if applicable, as follows: 18% interest per annum to creditors holding priority and general unsecured, municipal tax claims; 12% interest per annum to the State of Connecticut Department of Revenue Service's priority and general unsecured state tax claim; and, 4% interest per annum to the Internal Revenue Service's priority and general unsecured, federal tax claims.

The Debtor estimates that allowed priority claims total    $ **24,555.67**

### 4.2 TRUSTEE'S FEES
The Chapter 13 Standing Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

### 4.3 ADMINISTRATIVE ATTORNEY'S FEE: ☐ PRO BONO

Total Fees: **$2,500.00**    Total Expenses: **$0.00**    Paid Prior to Confirmation: **$1,000.00**    Balance Due: **$1,500.00**

Payable **$0.00**    [Check one]    ■ Through this Chapter 13 Plan
☐ Outside this Chapter 13 Plan

Attorneys shall file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 if the total allowance sought exceeds $4000.00 before confirmation of this Chapter 13 Plan. The court will consider allowance of compensation and reimbursement of expenses without such an application if the total allowance sought equals or is less than $4,000.00.

### 4.4 DOMESTIC SUPPORT OBLIGATION(S): ■ NONE

### 4.5 PRIORITY CLAIMS: ☐ NONE
This Chapter 13 Plan treats claims entitled to priority pursuant to 11 U.S.C. § 507 and 11 U.S.C. § 1122(a)(4), as follows:

**1.** Name of Creditor:  **Internal Revenue Service**

Payment Address:   **P.O. Box 7346; Philadelphia, PA 19101**

Total Due:  **4,605.67**

Payable **2,302.84** /month (Months **59** to **60** )

Regular Payment (if applicable) ___ /month (Months ___ to ___)

Interest Paid ■ Yes ☐ No    Interest Rate **4.00**    Interest to be Paid: **$827.96**

## V.    TREATMENT OF UNSECURED NONPRIORITY CREDITORS

### 5.1 UNSECURED NONPRIORITY CREDITORS ☐ NONE
Amount of each payment:  **0.00**   Payment Frequency _____
Term of plan payments (i.e. 3 years, 42 months, 5 years, etc.): _____
Date plan payments will commence: _____
_____ Percent dividend to be paid: _____ unsecured _____ claims

## VI.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The executory contracts and unexpired leases listed below are to be assumed or rejected pursuant to 11 U.S.C. § 365 and will be treated as specified. *Check one.*

Debtor: **Charles Harding Byrd** _____ Case Number: _____

■ **None**. *If "None" is checked, the rest of this section need not be completed or reproduced.*

**Notice of Proof of Claim Bar Date:**
The counter-party to a rejected contract or rejected lease shall file a proof of claim within thirty(30) days after entry of an order confirming this Chapter 13 Plan.

VII.   **NON-STANDARD PLAN PROVISIONS:** ■ NONE

Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**PURSUANT TO 11 U.S.C. § 1327(b), PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON ENTRY OF AN ORDER CONFIRMING THIS CHAPTER 13 PLAN.**

I declare that the information set forth in the foregoing Chapter 13 Plan is true and correct and is sworn to under penalty of perjury. **By filing this document, each Debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Local Form Chapter 13 Plan and that this Chapter 13 Plan contains no nonstandard provisions other than those set out in Section VII.**

| /s/ Charles Harding Byrd | February 12, 2018 | | February 12, 2018 |
|---|---|---|---|
| **Charles Harding Byrd** | Date | | Date |
| Debtor | | Joint Debtor | |

| /s/ Earle Giovanniello | February 12, 2018 |
|---|---|
| **Earle Giovanniello** | Date |
| Attorney with permission to sign on Debtor(s)' behalf | |

[Note: Each attorney signature on this document is subject to Fed.R.Bankr.P.9011.]

Note: An original document with the Debtor's inked signature must be maintained by Debtor's counsel.